THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY V. FRANK M. WADE.

No. 14,382.   (85 Pac. 415.)

SYLLABUS BY THE COURT.

1. DAMAGES—*Personal Injuries—Verdict Not Excessive.* In an action for personal injuries, where there was testimony which would warrant the allowance of damages for physical pain, mental anguish, loss of time, and permanent injury, and in their general verdict the jury allowed a sum not unreasonable or excessive if applied to all the elements of damages shown by the testimony, and in answer to special questions submitted by the defendant, in which their attention was not directed to any of these elements of damages except mental pain and anguish, stated that the entire sum was allowed for mental pain and anguish caused by the injury, the court cannot say that the failure to allow anything for the other elements of damages is an indication that the jury were influenced by passion or prejudice, or that the sum allowed is excessive.

2. ATTORNEYS—*Argument to Jury.* Certain remarks of counsel in argument before the jury considered and held to have been proper.

Error from Cherokee district court; WILLIAM B. GLASSE, judge. Opinion filed April 7, 1906. Affirmed.

*John Madden, W. W. Brown,* and *R. W. Blue,* for plaintiff in error.

*Charles Stephens,* and *Skidmore & Walker,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: Frank M. Wade was employed, in June, 1901, in unloading a car of lumber standing upon a side-track of the plaintiff in error at Mineral, in Cherokee county. His duty was to pass the lumber out of the car to a person on the outside, who loaded it upon a wagon. Plaintiff in error was switching cars back and forth on the side-track, and backed some cars against the one in which Wade was thus engaged. The force of the contact shifted the lumber in the car, and his ankle was caught and the injury for which he brought this action occasioned. He recovered a verdict and judgment for $1250, to reverse which the railway company brings this proceeding in error.

There is in the case no question of the liability of the plaintiff in error for whatever damages defendant in error sustained. There are but two errors relied upon. The first is with respect to the amount of the damages. It is claimed the amount is excessive. The testimony of several physicians showed that defendant in error sustained what is known as a green-stick fracture of the tibia. One of the physicians had made an examination of the fracture in the winter following the accident, by means of an X-ray instrument, and had found evidences of an injury which he described as an indentation or depression on the tibia, with the surrounding flesh and nerves tender. He regarded the injury as permanent. Several witnesses, among whom were physicians, testified to the fact that at various times they had heard defendant in error give exclamations of then existing pain and suffering. This is com-

plained of, but under several rulings of this court such testimony was competent. (*A. T. & S. F. Rld. Co. v. Johns,* 36 Kan. 769, 14 Pac. 237, 59 Am. Rep. 609; *Railroad Co. v. Burrows,* 62 Kan. 89, 98, 61 Pac. 439.)

The testimony tended to show that for two years defendant in error had lost considerable time by reason of the injury; that he had suffered much pain—physical and mental; and that the injury was permanent in its character.   Plaintiff in error submitted certain special questions to the jury, and the principal contention here is that the damages allowed are excessive for the reason that it is evident from the answers to these special questions that the jury allowed nothing at all for loss of time, medical attendance, or permanent injury, and allowed the entire amount of the verdict for mental suffering and anguish.   Plaintiff in error submitted a number of special questions, but was careful to ask only the following, with respect to the damages sustained :

"(5) Ques. If you find for the plaintiff, what, if anything, do you find and assess his damages for mental suffering and anguish by reason of the injury which plaintiff claims was inflicted?   Ans.   Twelve hundred fifty dollars.

"(6) Q. If you find for the plaintiff, what, if anything, do you find and assess for doctors' bills or compensation for physicians and surgeons for service to plaintiff, by reason of the injuries claimed to have been received?   A.   Nothing."

It is conceded that it is well settled in this state that damages may be recovered for mental suffering or anguish of mind resulting from physical pain and suffering arising from the injury.   (*Railroad Co. v. Chance,* 57 Kan. 40, 47, 45 Pac. 60, and cases cited.) It is clear that the jury allowed for this element of damages the sum of $1250.   The contention is that because the jury allowed nothing for permanent injury, or for loss of time, or for doctors' bills, there is, therefore, a want of any foundation or basis for the allowance of damages for mental suffering.   But before this

court would be justified in setting aside a verdict as excessive it must appear from the amount allowed, or from some other fact or circumstance in the record, that the damages were given as the result of passion or prejudice. (*Railway Co. v. Frazier*, 66 Kan. 422, 427, 71 Pac. 831.)

Conceding for the purpose of the argument that the amount allowed for mental suffering was excessive, this alone is not sufficient to warrant the granting of a new trial. (*M. K. & T. Rly. Co. v. Weaver*, 16 Kan. 456; *U. P. Rly. Co. v. Mitchell*, 56 Kan. 324, 43 Pac. 244; *Railway Co. v. Frazier, supra.*) There is nothing in these answers, however, to indicate passion or prejudice of the jury. The amount allowed for mental pain and suffering seems large only by reference to the omission to allow any damages for loss of time, physical suffering, and permanent injuries. The evidence, however, would have supported a verdict for a reasonable amount for all of these additional elements of damages, which plaintiff undoubtedly suffered by reason of the injuries. The answer to the sixth question is supported by the evidence, for plaintiff's testimony shows that he had never paid anything for doctors' bills. But there is evidence of substantial elements of damages for which the jury apparently allowed nothing, perhaps because their attention was not directed to these other elements by the two questions asked. Is plaintiff in error in a position to take advantage of this somewhat technical oversight on the part of the jury? We think not. If the jury had allowed substantial damages for loss of time, for physical pain, for permanent injury, and, in addition, had allowed $1250 for mental pain, it might have shown such passion and prejudice as would warrant the setting aside of the verdict; but we cannot say that, because of the absence of an allowance for substantial damages which were clearly established, the amount allowed is so excessive that it appears to have been given under the influence of passion and prejudice. The failure of the jury to

Railway Co. v. Wade.

allow damages for the other matters, when they might well have done so, is something which, instead of being prejudicial, may have been beneficial to the plaintiff in error; at least it is no indication of passion or prejudice.

Finally, it is complained that one of the counsel for defendant in error was guilty of misconduct in his argument to the jury. Plaintiff in error submitted three special questions to the jury with reference to whether the defendant in error remained in the car while it was being moved by the switching crew. It is claimed that it became important for the defendant in error to establish by the findings that he was not in the car at this time. It is said that Judge Skidmore argued to the jury that they must make their special findings harmonize with their general verdict; and it is contended that, as this court has held it to be error for the court to instruct the jury that their answers to special questions submitted should be consistent with their general verdict, therefore this argument of counsel was objectionable for the same reason. (*Brick Co. v. Zimmerman,* 61 Kan. 750, 60 Pac. 1064.) The record does not support the contention of the plaintiff in error in this respect. The incident is brought upon the record by the affidavit of R. W. Blue, counsel for plaintiff in error, filed in support of the motion for a new trial. The affidavit does not state that counsel argued that the jury must make their special findings consistent with their general verdict. It states the language of Judge Skidmore, as follows: "That if the jury answered the said special questions 'yes,' then their verdict must be for the defendant." In our opinion this was legitimate argument, as well as a fair statement of the law. The judgment is affirmed.

All the Justices concurring.