No. 18,632.

F. Baisdrenghien, *Appellee,* v. The Missouri, Kansas & Texas Railway Company, *Appellant.*

### SYLLABUS BY THE COURT.

1. Jurisdiction—*Personal Injuries—Violation of Mining Act.* The trial court had jurisdiction of this case under section 4987 of the General Statutes of 1909.

2. Damages—*Mental Anguish—Physical Pain.* To sustain a finding and judgment involving damages for mental anguish it is not essential that direct evidence of such anguish should be produced, but such suffering may be inferred from physical pain.

Baisdrenghien v. Railway Co.

3. SAME.   Neither courts nor juries can draw a definite or exact
line between physical pain and mental anguish.

Appeal from Cherokee district court; EDWARD E.
SAPP, judge.   Opinion filed March 7, 1914.   Affirmed.

*John Madden, W. W. Brown, James W. Reid,* all of
Parsons, and *Al. F. Williams,* of Columbus, for the ap-
pellant.

*C. A. McNeill, E. V. McNeill,* both of Columbus, and
*W. H. Lucas,* of Mineral, for the appellee; *Charles
Stephens,* of Columbus, of counsel.

The opinion of the court was delivered by

SMITH, J.: This action was brought to recover dam-
ages for injuries received from a falling rock in a coal
mine.   By stipulation made before the trial, it was
agreed that the appellee's action should be limited to
the alleged violation of the statutory obligations of ap-
pellant, and to further that purpose a portion of the
amended petition should be stricken out.

A jury trial was had, special findings of fact made,
and a general verdict returned in favor of appellee for
$1000.   The motion of appellant for a new trial was
overruled.   The principal defense on the trial was that
the appellee was guilty of negligence which contributed
to his injury, and therefore was not entitled to recover.
The court instructed the jury that the appellee did not
rely upon the common law but relied upon the statu-
tory provisions prescribing the duties of mine owners
in safeguarding against injuries to miners.

The first assignment of error argued by appellant is
the overruling of appellant's demurrer to appellee's
evidence and the refusal of appellant's request for an
instruction to the jury to return a verdict for appellant
for the reason that there was no evidence that the
statute providing for inspection had been violated.   The
abstract shows that the appellee, himself, testified that
he looked at the roof, from which the rock which

injured him fell, the day before the accident, that it looked good and that he knew it was good. There was another witness who testified:

"Saw plaintiff hurt. Took him home. He was laid up eleven weeks. Saw place the rock fell from. It was in the entry. I helped father after he went back to work. I examined that roof both before and after the injury. It was awful bad. Rock hanging there, rock falling all the time. I saw the roof in the morning, and it was awful bad down the entry. I determined the roof was bad by seeing rocks that had fallen. Saw rock fall all over the entry and in front of the cross-cut down that straight entry. It fell every day. Knew the rock was falling every day."

Another witness said:

"There was no timbering in the entry. The roof there was pretty bad where he was hurt and along there. Could recognize the roof was bad all along there and could tell it the day before if had been in there."

Two other witnesses testified that there was no timbering of the roof in the entry where the accident occurred.

The statute (Gen. Stat. 1909, § 4987), in effect debars the defense of contributory negligence and makes the owner or operator liable for any injury to the miner which may occur through the failure to inspect and safeguard the roof of traveling ways or alleys. Whether the roof of the traveling way in question needed propping to render it safe was a question of fact for the jury under proper instructions. The jury found that appellee was "injured because the appellant failed to inspect the roof at or near the place where he was injured and failed to carefully secure the rock therein against falling in." The court, having heard all the evidence, sustained the finding, and, as we have seen, there was sufficient evidence, if believed, to support it. It is a well-known rule that, on appeal, this court will not reverse such a finding.

The instructions are in full accordance with *Cheek v. Railway Co.*, 89 Kan. 247, 131 Pac. 617. In *Barrett v. Dessy*, 78 Kan. 642, 97 Pac. 786, it was said:

"A miner, in performing the work assigned to him, although bound to exercise due care for his own safety, may assume, in the absence of notice to the contrary, that the owner and the overseer have performed their duty in respect to the care of the entry where he is at work when injured." (Syl. ¶ 4.)

The statute requires the owner or operator of a mine to "employ a competent and practical inside overseer, to be called 'mining-boss,' who shall keep a careful watch over . . . traveling-ways . . . and shall see that as the miners advance their excavations all loose coal, slate and rock overhead are carefully secured against falling in upon the traveling-ways." (Gen. Stat. 1909, § 4987.)

Any omission of this requirement, which, by diligent compliance therewith would have obviated an injury to a miner, renders the owner or operator liable in damages. The law to this extent entirely shifts the risks of the employment from the laborer to the employer. Care for his own safety may impel a miner to watch for treacherous mine roofs, but he is not legally required to do so, but may rely upon the presumption that the mining boss or overseer has fully performed his duty. (See *Barrett v. Dessy*, supra.)

By its answer, appellant alleged that the appellee at the time of his injury was employed in mining coal to be used by appellant in running its engines doing an interstate railroad business, and that the federal employer's liability act confers exclusive jurisdiction upon the federal courts in this action. However, no assignment of error is made upon the holding of jurisdiction by the court or to the instructions holding, in effect, that liability was to be determined by the statute of the state of Kansas.

Two special questions were submitted to the jury, which, with the answers thereto, are as follows:

"29. If you find for plaintiff, how much, if anything, do you include in your verdict for bodily pain? Ans. $387.

"30. If you find for plaintiff, how much do you include in your verdict for mental anguish, if anything, in addition to what you allow for bodily pain? Ans. $387."

The appellant contends that the $387 allowed for mental anguish augmented the verdict and judgment and was erroneous. The decision in *City of Salina v. Trosper,* 27 Kan. 544, is relied upon principally to support this contention. The fifth paragraph of the syllabus therein reads:

"In said case another question submitted to the jury, with their answer, was as follows: 'What amount for physical pain and mental suffering?' Answer, '$1284.' *Held,* That damages for mental suffering can be recovered in cases of this kind, where such mental suffering is an element of the physical pain, or is a necessary consequence of the physical pain, or is the natural and proximate result of the physical injury, and can be recovered in cases of this kind, only under such circumstances."

The opinion in that case depends to an extent upon what is meant by "mental suffering," but it does not appear that mental suffering was established by the evidence as a separate element of damages from physical suffering. In fact, the principal difference between that case and this seems to be that there the finding was in the aggregate for "physical pain and mental suffering," while here separate findings were made and separate amounts were allowed. In *Street Rly. Co. v. Stone,* 54 Kan. 83, 37 Pac. 1012, it was said:

"The jury allowed in their verdict $400 for actual injuries received by Mrs. Stone, and $200 for bodily and mental suffering, as an element of the physical pain, or as the necessary consequence thereof. The

mental was connected with the bodily suffering. This is admissible. (*City of Salina v. Trosper*, 27 Kan. 544.)" (p. 101.)

In *Railway Co. v. Wade*, 73 Kan. 359, 85 Pac. 415, testimony was produced which would warrant the allowance of damages for physical pain, mental anguish, loss of time and permanent injuries; yet a verdict was returned for $1250 for mental anguish only, and judgmen was entered therein and affirmed. (In *Railroad Co. v. Chance*, 57 Kan. 40, 45 Pac. 60, it was said:

"Under the decisions of this court a recovery may be had for mental suffering or anguish of mind resulting from physical pain and suffering endured by the injured party; but it is improper to admit evidence as to mental suffering on account of the circumstances or condition of others." (p. 47.)

It thus appears that a claim for damages for mental suffering need not necessarily be supported by direct evidence thereof, but such suffering may be inferred as a result from physical pain. Neither courts nor juries can draw a definite or exact line between physical pain and mental suffering.

The judgment is affirmed.