No. 18,833.

JOHN MACKETTA, *Appellee,* v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

COAL MINE—*Negligence—Rocks Falling from Overhead—Personal Injuries.* The facts brought out in the evidence are held .sufficient to uphold the findings of the jury that the owner and operator of a coal mine failed to exercise the care required by the statute providing for the safety of persons employed in coal mines to see that as the miners advanced the excavations all loose coal, slate and rock overhead were secured against falling on traveling ways, and that by reason of that negligence the plaintiff was injured.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed May 9, 1914. Modified.

*W. W. Brown, James W. Reid,* both of Parsons, and *Al. F. Williams,* of Columbus, for the appellant.

*C. A. McNeill, Charles Stephens,* and *E. V. McNeill,* all of Columbus, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: John Macketta, the appellee, an experienced coal miner, was employed by the appellant, The Missouri, Kansas & Texas Railway Company, to

work in one of its mines, and while so engaged a large rock fell from the roof of the mine and injured him. He brought this action, alleging that the injury was the result of appellant's negligence, and he recovered damages in the sum of $1711.

It appears that appellee had been at work in an entry of the mine where he was injured more than four months; that from time to time parts of the roof of the entry had been propped or "timbered" up, but near to the end of the entry, and where he and his companion, commonly called his "buddy," were at work, no timbering had been done. The roof was defective, and appellee and his companion, observing its condition, sent for the mining boss, and when he came they asked him to allow them to make the roof safe, but he refused permission, telling them they could not do that work and that he would have a company man come in and fix it before the following morning. When they returned in the morning rock was found on the traveling way of the entry, and, supposing that the company man had taken the rock down in accordance with the promise made, they proceeded to clear away the rock on the floor, and while doing so a rock fell from the roof and broke appellee's leg. In his petition appellee alleged that appellant, in violation of a statute, failed to exercise care for the safety of its employees working in its mines by seeing that as the miners advanced the excavations all loose coal, slate and rock overhead were carefully secured against falling upon the traveling way. In addition the petition set out a common-law liability of appellant because it failed to provide appellee a safe place in which to work. On the other hand, appellant claimed that appellee was aware of the dangerous condition of the roof of the mine and was engaged in the work of making it safe when the injury was sustained, and that he and not the appellant was responsible for the accident. That the appellant failed to take the precautions for the safety of the miners as

required by the statute was abundantly proven by the testimony, and the jury made a special finding that the injury of the appellee was the result of this default. It has been determined that as against such charge assumed risk and contributory negligence are not available as defenses. (*Cheek v. Railway Co.*, 89 Kan. 247, 131 Pac. 617; *Baisdrenghien v. Railway Co.*, 91 Kan. 730, 139 Pac. 428.) Appellant insists that an exception should be made to the rule because appellee and his companion, acting in behalf of the company, were engaged in making the place safe at the time of the injury. What the effect would be if that were the case it is unnecessary to determine. The testimony is that it was no part of their duty to fix the roof and that they were not so engaged at the time of the injury, and the finding of the jury is to that effect. They did clean up the rock in the traveling way, but a company man was employed by the company to timber the roof and make it secure. Instead of giving appellee and his companion the opportunity to remove the rock and make the place safe, as requested by them, the boss insisted that the company man would perform that task, and expressly promised that it would be done before the morning of the following day. Appellee appears to have relied on the promise, and had a right to assume that it had been kept. If appellee had based a recovery upon the common-law liability, and assumed risk and contributory negligence were available as defenses, the act of the company in denying appellee the right to take steps to protect himself and the promise of the company to make the roof safe before they went to work the next day would, under the circumstances of the case, have justified a recovery.

Although contested, there appears to be sufficient testimony to support the findings, with a single exception. In one finding appellee is awarded $81 for medical services. The only testimony to be found in the abstract relating to medical treatment is that the

services performed by one doctor were worth $25 and those performed by another were worth $8. It must be held, therefore, that there is an excess in the finding of $48, and that amount will be deducted from the award of the jury. With that deduction made, the judgment of the district court will be affirmed.