No. 25,841.

## Ed McCaslin, *Appellant,* v. The Ellsworth Coal Company, *Appellee.*

### SYLLABUS BY THE COURT.

Damages—*Personal Injuries—Inadequate Award—New Trial.* In an action for damages for personal injury, when it is clear the jury has disregarded the evidence produced and the instructions of the court, a new trial should be granted, upon proper and timely application.

Appeal from Crawford district court; Daniel H. Wooley, judge. Opinion filed July 11, 1925. Reversed.

*Phil H. Callery, J. E. Callery, Sylvan Bruner,* and *Caroline A. Lowe,* all of Pittsburg, for the appellant.

*E. H. Henning,* of Chicago, Ill., for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action for damages for personal injury. It was tried to a jury, who returned a verdict for plaintiff for $290. Plaintiff filed a motion for a new trial, on the ground that the verdict was inadequate, that it was contrary to the evidence and the law, and given under the influence of passion and prejudice. The court overruled this motion, and plaintiff has appealed.

The action is predicated upon the Missouri statute (Rev. Stat. 1919, § 4233). The petition alleged, in substance, that plaintiff was employed as a blacksmith by defendant at its coal mine in Missouri; that a part of his duties was to repair the pit cars; that while in the performance of his duty and in repairing one of the cars, and without fault on his part, but because of the negligence of a fellow servant, which is set out, he was caught between the bumpers of two pit cars and sustained injuries in the region of his shoulder and breast, bruised and torn muscles, nerves and ligaments, and an injury of the left lung. As a result thereof he was totally incapacitated for work for thirty working days; that he suffered and endured severe pain; that he developed a hemorrhage in his left lung, and that he was partially permanently incapacitated; that he was obliged to employ a physician to treat his injuries, for which he obligated himself in the sum of $50. Prior to his injury he was an able-bodied man, fully capable of performing the duties of his employment, and was earning

New Trial, 29 Cyc. pp. 818, 819; 47 L. R. A. 33, 20 R. C. L. p. 283.

$8 per day; since returning to work he has been partially incapacitated. His prayer was for his loss of earnings for thirty days, $240; for permanent physical incapacity and consequent loss of earnings in the future, $5,000; for pain and suffering, $2,500; for doctor bill, $50. The answer admitted the employment of plaintiff by defendant, but alleged contributory negligence and assumption of risk. These defenses were controverted by reply. The court gave the jury the following instructions:

"If your verdict is for the plaintiff you should award him such an amount as will actually compensate him, pecuniarily, for the damage sustained by him, but in no event, however, to exceed, for loss of earnings, $240; for permanent physical incapacity and loss of earnings in the future, $5,000; for pain and suffering, $2,500; and for doctor bill, $50; and in all in the aggregate not to exceed the amount of $7,790."

The jury returned the following verdict:

"We, the jurors, impaneled and sworn in the above-entitled case, do on our oaths find the issues joined herein in favor of the plaintiff and against the defendant, and we assess as the amount of plaintiff's recovery herein the sum of $240 (two hundred forty) dollars for the loss of wages, and $50 (fifty) for doctors' bills."

Appellant's complaint in this court is that the jury allowed nothing for pain and suffering and nothing for permanent injury, and in doing so disregarded both the law, as given by the court in his instructions, and the evidence, which was practically uncontradicted, bearing upon those matters. The position of the appellant is well taken. The evidence of pain and suffering was uncontradicted. If defendant is liable at all, an allowance should have been made for that. The amount allowed naturally rests in the sound discretion of the jury, but the jury was not authorized to disregard it altogether. There might very well have been an allowance on account of the permanent nature of the injury, though there was some conflict in the evidence as to the permanent nature of the injury.

There is no argument by the appellee in this court that plaintiff is not entitled to anything, but it is argued that the actual time plaintiff lost, thirty days, at $8 a day, was allowed him by the jury, and also his actual doctor bill of $50, hence that the verdict compensates him for his actual financial loss. This argument lacks merit. One who, because of the negligence of another, loses time, is put to expense for medical attention, and who endures pain and suffering and sustains permanent physical disability, is not fully com-

pensated when he receives pay only for time lost and expense incurred.

As supporting the conclusion reached, see 8 R. C. L. 465, 467; 17 C. J. 826, 832. "Physical pain is always regarded as a subject for compensation." (*Sugar Co. v. Riley,* 50 Kan. 401, 407, 31 Pac. 1090.) See, also, *Railway Co. v. Wade,* 73 Kan. 359, 85 Pac. 415, but authorities on this question are plentiful.

Where it is clear that the jury disregarded the evidence produced and the law pertaining to the case, as given in the court's instructions, a new trial should be granted. (*A. T. & S. F. Rld. Co. v. Wagner,* 33 Kan. 660, 7 Pac. 204; *Thompson v. Burtis,* 65 Kan. 674, 70 Pac. 603; *Jackson v. Humboldt,* 84 Kan. 445, 113 Pac. 1047; *Sundgren v. Stevens,* 86 Kan. 154, 119 Pac. 332. See, also, *Discount Co. v. Bank,* 101 Kan. 253, 166 Pac. 476; *Bracken v. Champlin,* 114 Kan. 882, 220 Pac. 1027.)

The judgment will be reversed, with directions to grant a new trial.