No. 43,919

Anna E. Schmidt, *Appellee*, v. Ben Waldo Cooper, *Appellant*.

(399 P. 2d 888)

Opinion filed March 6, 1965.

Ronald D. Albright, of Anthony, argued the cause and was on the briefs for the appellant.

Charles M. Cline, of Wichita, argued the cause, and W. G. Muir and Donald Muir, both of Anthony, and Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, J. Francis Hesse, James W. Sargent, Stanley E. Wisdom, Cecil E. Merkel, Harry L. Hobson, Bruce W. Zuercher, L. D. Klenda, Richard A. Loyd, and Stephen M. Blaes, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Fontron, J.: This is an action by the plaintiff, Anna E. Schmidt, to recover damages for personal injuries sustained in a collision between the Chrysler car in which she was riding and a truck driven by the defendant, Ben Waldo Cooper. The case was tried to a jury which returned a verdict in plaintiff's favor for $4,014.38. Plaintiff's motion for a new trial was sustained in part by the court, and a new trial was granted on the question of damages only. From this ruling, the defendant has appealed. Throughout the course of this opinion

we shall refer to the appellee as plaintiff, and appellant as defendant.

The evidence fairly shows the following facts: The accident occurred about 1:00 p. m., November 11, 1960, on a black-top highway, about nine miles east of Anthony, Kansas, and a short distance west of a private driveway leading onto the highway from the south; the Chrysler car, which was driven by plaintiff's husband, was traveling west at a speed of 65 miles per hour; at a point two-tenths of a mile east of the private driveway, the plaintiff and her husband observed the defendant drive his truck up to the highway from the south and stop; plaintiff's husband continued to drive toward the west, believing that the defendant would wait for him to pass, but when the Chrysler was only 200 feet east of the driveway, the defendant started his truck and drove it out of the driveway and onto the highway, making a wide circular or "hayrack" turn to the northwest and then back across the road to the south, crossing the center line; on observing defendant come onto the highway in front of him, plaintiff's husband immediately applied his brakes and tried to pass the truck on the left-hand or south side of the road, but there was not enough room to pass or avoid hitting it, and the cars collided about 22 feet west of the driveway and 41 feet east of a small bridge.

The evidence further disclosed that the impact occurred just 5 feet north of the south edge of the road; that the Chrysler car, in which plaintiff was riding, was from 6 to 6½ feet in width; that it laid down 74 feet of skid marks; and that the total stopping distance of a car traveling 65 miles per hour on a road such as the one here involved is in excess of 300 feet. Although his own witness stated there was unobstructed vision for 1600 feet east of the driveway, the defendant testified that he swung out onto the highway because he did not see anything coming; that after getting on the highway, he swung back from the north onto the south half of the road in order to miss the bridge, and was on the south half of the road at the time of collision.

The evidence which pertained to the injuries suffered by plaintiff need not be related other than to say it showed she sustained a fifteen per cent disability; that she suffered much pain and discomfort, which continues to this day; that she cannot perform many of the household duties, farm chores, and other functions which she formerly carried on; and that her medical expenses have amounted to $1,014.38.

The defendant's specifications of error are three in number: (1) Refusing to give defendant's requested instruction No. 1; (2) overruling defendant's objections to instructions Nos. 14 and 15; and (3) granting plaintiff's motion for a new trial limited to the issue of plaintiff's damages.

The first two specifications of error refer to trial errors (*State v. Aeby,* 191 Kan. 333, 381 P. 2d 356), and the defendant's failure to file a motion for new trial precludes our consideration of the matters therein set forth. It has been the invariable rule of this court that trial errors must have been raised on a motion for a new trial in the lower court before they will be considered on appellate review. (1 Hatcher's Kansas Digest, rev. ed., Appeal and Error, § 366, p. 166; 2 West's Kansas Digest, Appeal and Error, § 281, pp. 347-9.)

Thus, the single question now before us for decision is this: Did the trial court commit error in granting plaintiff a new trial on the question of damages only?

It cannot be doubted that in this jurisdiction the granting of a motion for a new trial rests within the sound discretion of the trial court (*Barajas v. Sonders,* 193 Kan. 273, 392 P. 2d 849; *Schroeder v. Texas Co.,* 169 Kan. 607, 219 P. 2d 1063), and that an order setting aside a verdict and allowing a new trial will not be reversed in the absence of a clear abuse of discretion. (*Clark v. Southwestern Greyhound Lines,* 146 Kan. 115, 69 P. 2d 20; *Slocum v. Kansas Power & Light Co.,* 190 Kan. 747, 750, 378 P. 2d 51.)

In *Bishop v. Huffman,* 175 Kan. 270, 262 P. 2d 948, the court said:

". . . the granting of a motion of such nature rests so much in the trial court's sound discretion that its action with respect thereto will not be held to constitute reversible error on appellate review unless the party complaining thereof has clearly established error with respect to some pure, simple, and unmixed question of law. . . ." (pp. 274, 275.)

Not only does a trial court possess authority to order a new trial, absent an abuse of discretion, but it rests under a duty to vacate a verdict of which it disapproves and to direct that the cause be tried anew. (*Raines v. Bendure,* 166 Kan. 41, 199 P. 2d 456; *Myers v. Wright,* 167 Kan. 728, 208 P. 2d 589.) Such was our ruling in *Nicholas v. Latham,* 179 Kan. 348, 295 P. 2d 631, where it was held:

"When a verdict rendered by a jury does not meet the approval of the trial court, no duty is more imperative than to set the verdict aside and grant a new trial." (Syl. ¶ 2.)

The right of a trial court to grant a new trial is not dependent on whether a verdict is in favor of the plaintiff or of the defendant. Neither does the exercise of the power depend upon whether, in the court's considered judgment, the amount of the jury's award is excessive or is inadequate. The authority to set aside a verdict and to grant a new trial exists whenever, for any reason not clearly arbitrary or capricious, the trial court finds itself dissatisfied with the verdict which has been returned. (*McClay v. Highway Commission*, 185 Kan. 271, 341 P. 2d 995; *Angell v. Hester*, 186 Kan. 43, 348 P. 2d 1050.)

We discern no abuse of discretion in setting aside the verdict in this case. The injuries were severe, the resulting disability substantial, and the medical expenses heavy, exceeding $1,000. In addition, the jury ignored the trial court by refusing to include in its verdict any allowance for the husband's loss of his wife's services and consortium, as they had been instructed to do should they find for the plaintiff. In commenting on the insufficiency of the award, the court characterized it as "grossly inadequate," stated that it would "be a travesty on justice" to approve the verdict, and observed that the jury "disregarded some of the instructions." We think it may not be said that disapproval of the verdict was arbitrary or ill-conceived.

The contention most seriously urged by defendant is that error was committed in granting a new trial limited to the question of plaintiff's damages. We turn our attention to this claim.

G. S. 1949, 60-3004, confers authority upon a trial court to grant a new trial limited to a single issue where the issues involved are susceptible of separation. In *Rexroad v. Kansas Power & Light Co.*, 192 Kan. 343, 388 P. 2d 832, the court noted the power granted by this statute and upheld an order of the trial court awarding plaintiff a new trial as to damages only. In the course of its opinion, the court quoted from *Henderson v. Kansas Power & Light Co.*, 188 Kan. 283, 362 P. 2d 60, wherein it was said:

"'Concededly, negligence and damages are legally separable issues, and on many occasions this court has granted new trials on the issue of damages alone. . . .'" (p. 356.)

Numerous cases may be found among the decisions of this court wherein orders granting new trials on the issue of damages alone have been upheld. Among them, see *Hohmann v. Jones*, 146 Kan.

578, 72 P. 2d 971; *Home Insurance Co. v. Boehm,* 170 Kan. 593, 228 P. 2d 514.

The defendant places much reliance on *Henderson v. Kansas Power & Light Co.,* supra, where we reversed an order overruling a motion for a new trial and returned the case for trial on all issues. This decision was predicated on the premise that where, from conflicting evidence as to liability, or from other circumstances appearing in the case, it may plainly be inferred that the scantiness of the jury's verdict reflects a compromise on the issue of liability, a new trial should be ordered generally. (See annotation in 29 A. L. R. 2d, New Trial As To Damages Only, § 10, p. 1214.) The Henderson case is to be differentiated from *Rexroad v. Kansas Power & Light Co.,* supra, where this court found that the jury had fully determined the defendant's negligence, and that its paltry award did not result from any compromise as to liability.

The distinction between the two cases points up this question: Does the award of damages, considered by the trial court to be inadequate, bespeak a compromise by the jury on the matter of liability? From a review of the entire record, we believe no such deduction can be justified.

Not only is plaintiff's evidence clear and convincing as to the defendant's negligence, but the defendant himself does not contradict it. As shown by the record, he testified:

"Well, I stopped there on the culvert and waited and I didn't see anything coming so I swung out. . . ."

This testimony, taken in connection with the uncontroverted evidence that vision was unobstructed for 1600 feet in the direction from which plaintiff's car was coming, removes any substantial doubt of the defendant's inattention and lack of care.

In his colloquy delivered at the conclusion of the argument on plaintiff's motion for new trial, the able trial judge aptly remarked:

". . . It's quite clear in this case that the jury found that the defendant was negligent or they wouldn't have brought in the verdict that they did. And maybe I shouldn't say this but it's quite clear to this court from listening to the evidence that the defendant was guilty. I can certainly approve of the verdict as far as it goes on that score. . . . I think the liability here is quite clearly established and I can see no reason whatsoever to try this matter, go through a trial again on liability. . . ."

We agree with these observations. No good purpose would be served in this case by relitigating the question of liability.

We conclude the trial court did not abuse its discretion in granting a new trial on damages only, and the judgment is affirmed.