No. 45,333

Dora M. Timmerman, *Appellant*, v. Eilert A. Schroeder, *Appellee*.

(454 P. 2d 522)

Opinion filed May 17, 1969.

*Gerald L. Michaud*, of Wichita, argued the cause, and *Russell Cranmer, Orval L. Fisher, M. William Syrios, Kenneth L. Ingham* and *Bradley Post*, all of Wichita, were with him on the brief for appellant.

*Robert L. Howard*, of Wichita, argued the cause, and *George C. Powers, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard G. Harris, Gerald Sawatzky, Donald L. Cordes, Charles J. Woodin, Mikel L. Stout, Benjamin C. Langel, Phillip S. Frick, Jerry O. Elliott, John E. Foulston, Stanley G. Andeel* and *John E. Neal*, all of Wichita, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: In a personal injury action arising from a two-car collision at a controlled intersection a jury returned a general verdict in favor of plaintiff for $357.95. This sum was the exact amount paid by plaintiff for medical expenses incurred as a result of the collision. Plaintiff, Dora M. Timmerman, appeals from the judgment of the trial court approving the verdict and asks that the judgment be set aside and a new trial ordered on the issue of damages. She contends the verdict was contrary to the evidence and so grossly inadequate as to indicate passion and prejudice.

Plaintiff received extensive facial lacerations from the collision. Seventy-five stitches were required to repair the injuries to her face. The plaintiff is the wife of an attorney and is active in civic, charitable and professional associations. She spent an hour and forty-five minutes in the emergency room of the hospital while the injuries to her face were being repaired. She suffered pain from both bruising and lacerations. She was worried and concerned about her scarred facial appearance. Plaintiff remained in the hospital for two days. She required sedation to relieve her pain. The dressings and stitches were removed one week after the accident. Later, three stitches were required when a piece of glass was removed from plaintiff's eyebrow. These final stitches were removed two weeks after the accident. During this two week period she remained in bed much of the time. Plaintiff received final treatment for her injuries nine months after the accident occurred. She had complained to her treating physician of pain in her neck. An x-ray of her neck appeared normal. The physician was pleased with the facial repair accomplished by his treatment. In his opinion she had a minimal cosmetic defect at the time of the trial. Scarring was largely confined to plaintiff's hairline and this could be covered by proper hair styling.

A statement listing the total doctor, hospital and ambulance bills paid by plaintiff as a result of the accident was admitted into evidence by agreement of the parties. The total of these three items of medical expense was $357.95. When this statement of medical expenses was introduced no question was raised as to the reasonableness of the charges. Later a question was posed by defendant as to the final office appointment—was it for treatment or for preparation for trial? Although the record on this question

is not clear, the charge was included in the total doctor bill. The separate amount of the item does not appear in the record. The amount could not have been considered by the jury as an allowance for pain, suffering and permanent injuries, for it could not be separately determined from the evidence.

The question here presented is whether a jury verdict which limits damages to the exact amount of medical expenses without allowing any amount for pain, suffering and permanent injuries should have been approved by the trial court when a claim for pain, suffering and permanent damages was made and proven.

The court's instructions on damages in pertinent part are as follows:

"You are instructed that if you find for the plaintiff, you will then determine the amount of her recovery. You should allow her such amount of money as will reasonably compensate her for her injuries and losses resulting from the occurrence in question including any of the following shown by the evidence:

"(a) Pain, suffering, disabilities, or disfigurement and any accompanying mental anguish suffered by plaintiff to date and those she is reasonably certain to experience in the future;

"(b) The reasonable expenses of necessary medical care, hospitalization and treatment received."

While the evidence relied upon by the defendant might well serve to minimize an allowance for damages, it certainly does not overcome the positive evidence that plaintiff did endure pain and suffering and would continue to have permanent facial scars.

A verdict in a personal injury action limited to the exact amount of uncontradicted medical expenses incurred as a result of an accident, and which verdict includes nothing for the pain and suffering or permanent injury, shown by uncontradicted evidence is in part contrary to the evidence and should be set aside on motion for new trial. (*McCaslin v. Ellsworth Coal Co.,* 119 Kan. 93, 237 Pac. 658, see also Anno. Verdict Omitting Damages for Pain, 20 A. L. R. 2d 276.) An allowance limited to the amount of medical expenses in such cases disregards the plain instructions of the court on damages.

The defendant relies on *Furstenberg v. Wesley Medical Center,* 200 Kan. 277, 436 P. 2d 369 and *Brown v. Godfrey,* 200 Kan. 568, 438 P. 2d 117. The basic rule of law underlying those cases does not give support to defendant's position. Inherent in both of those decisions is the rule expressed herein, for in upholding the verdicts we there determined the amounts allowed were not conclusively limited to actual medical expenses incurred as a result of the in-

juries. Some part of the amounts allowed in each of those verdicts was reasonably attributable to damages for pain and suffering or permanent disability.

A jury verdict which manifests a disregard for the plain instructions of the court on the issue of damages, which arbitrarily ignores proven elements of damage and which indicates passion, prejudice or a compromise on the issues of liabilty and damages should be set aside on motion for new trial. (*Henderson v. Kansas Power & Light Co.*, 188 Kan. 283, 362 P. 2d 60; *Levy v. Jabara*, 193 Kan. 595, 396 P. 2d 339; *Corman, Administrator v. WEG Dial Telephone, Inc.*, 194 Kan. 783, 402 P. 2d 112.)

The granting of a motion for new trial on the grounds set out in K. S. A. 60-259 rests in the judicial discretion of the trial court. (*Rexroad v. Kansas Power & Light Co.*, 192 Kan. 343, 355, 388 P. 2d 832; *Landscape Development Co. v. Kansas City P. & L. Co.*, 197 Kan. 126, 132, 133, 415 P. 2d 398.) The order granting or refusing a new trial will not be reversed unless a clear abuse of discretion is shown. (*Slocum v. Kansas Power & Light Co.*, 190 Kan. 747, 378 P. 2d 51.)

In ruling on the motion for new trial the district court said:

". . . But, viewing the case as a whole, I am a little bit at a loss because I think they should have allowed her something for her pain and suffering, other items, and maybe even something for the scars that were there, although they didn't seem to be very bad. But these damages were not in the court's opinion of the extent that the plaintiff was claiming. They tended to be normal damages rather than be substantial damages; and, therefore, I don't believe that the court should say it was shocked by the verdict or that it is convinced the jury was under passion and prejudice. I don't have the feeling this jury was under passion and prejudice. I think maybe they made a mistake of some kind in their verdict, but I don't believe it was substantial enough to grant a new trial . . ."

It is apparent the trial court was convinced that the verdict included nothing for pain, suffering or permanent injuries. Under these facts and circumstances we hold the verdict was clearly inadequate. The verdict awarded medical expenses which were uncontradicted. In that regard the verdict was supported by the evidence. It awarded nothing for pain and suffering or permanent injuries. In that regard the verdict was contrary to uncontradicted evidence and was arrived at by disregarding the plain instructions of the district court.

We hold the trial court acted unreasonably and arbitrarily in re-

fusing to grant a new trial and its refusal constituted an abuse of discretion for the reasons stated.

It is next argued a new trial should be limited to the nature and amount of damages.

K. S. A. 60-259 provides a new trial may be ordered on all or a part of the issues when one of the statutory grounds for a new trial exists which affects the substantial rights of a party. The trial court is required to find one of the statutory grounds exists before it is authorized to grant a new trial on all or a part of the issues. (*Landscape Development Co. v. Kansas City P. & L. Co.,* supra.)

A new trial may be limited to the issue of damages in those instances when the issue is separable and when the interests of justice will be served thereby. (*Schmidt v. Cooper,* 194 Kan. 403, 399 P. 2d 888.)

Inherent in general recognition of the power to limit a new trial to the single issue of damages when the verdict awarded is inadequate is the requirement that the issue of damages be separable from the issue of liability. (*Henderson v. Kansas Power & Light Co.,* supra. See also Anno: New Trial as to Damages Only, 29 A. L. R. 2d § 7, 1210.)

A new trial on the issue of damages only should not be granted when there appears a strong suspicion that inadequate damages were awarded as a compromise on the issues of liability and damages. Such a compromise infects the entire verdict of the jury and renders it totally invalid. (*Corman, Administrator v. WEG Dial Telephone, Inc.,* supra. See also Anno: New Trial as to Damages Only, 29 A. L. R. 2d § 10, 1214.)

To raise any strong suspicion that a verdict awarding inadequate damages was a result of compromise involving these two issues, there must be a genuine conflict in the evidence on the issue of liability. Our present record omits the testimony relating to this issue. The omission was made by agreement of both parties. The appellee states the issue was vigorously contested and that both plaintiff and defendant insisted at the trial the traffic signal at the intersection was in their favor. It was hardly possible that the signal favored both parties for the plaintiff was going north, the defendant was going west and both entered the intersection at the same time. The plaintiff argues that although liability was denied by the defendant the evidence was clearly against defendant on this issue.

To support this conclusion he quotes the following remarks of the trial judge:

"Well, gentlemen, I will confess to being somewhat puzzled by this particular situation. I would be of the opinion that the evidence was somewhat over-whelming as to the question of liability in the case; but the problem of damages is something that is far harder to determine. . . ."

The verdict now questioned was entered by the jury—not by the judge. We are concerned with the jury's reaction to the evidence. A judge and jury do not always arrive at the same conclusions after hearing the evidence.

The record in this case contains the names of those witnesses who testified on the issue of liability, although their testimony is not shown. We note the jury retired to begin deliberations after lunch. At 5:17 p. m. they returned to court and asked that the testimony of Mrs. Powers and Mr. Smithers be read to them. The record indicates both of these witnesses testified on the issue of liability and not as to damages. It would appear the jury was not agreed as to liability after four hours of deliberation. Otherwise there was no reason for them to ask for the testimony of Mrs. Powers and of Mr. Smithers. After this testimony was read to the jury it was two hours and twenty-eight minutes before a verdict of $357.95 was agreed upon. We conclude the issue of liability was not easily determined by the jury. There appears a strong suspicion the inadequate damages were awarded by the jury as a compromise involving both issues, liability and damages. In such case the entire verdict is infected and a new trial should be granted on all issues.

The plaintiff-appellant contends the court erred in restricting the use of an argument chart during his closing argument to the jury. He sought to use the chart to present a method for the jury to arrive at a sum for pain and suffering. The chart contained no stated dollar amounts. A life expectancy of 41 years was set out and this was multiplied into the number of months (492) and number of weeks (2,132). The court required the number of months and weeks be stricken and refused to allow the attorney to use months and weeks in his remarks to the jury concerning pain and suffering or permanent injuries. The case of *Caylor v. Atchison, T. & S. F. Rly. Co.*, 190 Kan. 261, 374 P. 2d 53, was used by the court to support this ruling.

In *Caylor* the formula argument proscribed included the opinion of the attorney as to the per diem value of pain and suffering. When

a per diem dollar figure is suggested in such a formula by the attorney this court in *Caylor* said it amounted to the attorney giving testimony in his closing argument. This was disapproved.

In the present case no dollar amount was suggested or used by the attorney. Argument as to months or weeks of pain and suffering or permanent injuries does not come within the proscription in *Caylor* if no dollar amounts are used and if there is a basis in the evidence adduced at the trial to infer the pain and suffering or permanent injuries will continue for the period suggested. Suffice it to say the closing argument proposed did not fall within the rule of the *Caylor* case.

For reasons previously set forth in this opinion the judgment approving the verdict of $357.95 is reversed and a new trial is ordered on all issues.

FATZER, J., concurring in part and dissenting in part: I concur in the court's judgment that the record clearly discloses the verdict is grossly inadequate, and in granting the plaintiff a new trial. While the issue of liability was contested, the district court, in overruling the plaintiff's motion for a new trial, made the statement that "the evidence was somewhat overwhelming" as to the defendant's liability. I would reverse the case, but limit the trial solely to the amount of the plaintiff's damages.

FONTRON and O'CONNOR, J. J., join in the foregoing concurring and dissenting opinion.