**SECURITY NATIONAL BANK, a Kansas corporation, as Representative and Conservator for Sara RUIZ, a Minor, Plaintiff,**

v.

**CHLORIDE, INCORPORATED, d/b/a Chloride Industrial Battery; and Chloride Group, Limited, Defendants.**

Civ. A. No. 83–2125.

United States District Court, D. Kansas.

Feb. 8, 1985.

---

Steven P. Denton, Eugene F. De Shazo, Denton & De Shazo, Kansas City, Mo., Murray Ogborn, Tim Engler, Nelson & Harding, Lincoln, Neb., Kurt Schoeb, Vader & Schoeb, Olathe, Kan., for plaintiff.

Robert D. Ochs, Brad Ralph, Fisher, Ochs & Heck, Topeka, Kan., Andrew J. Hamilton, Neely & Player, Atlanta, Ga., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of plaintiff Security National Bank, a Kansas corporation, as representative and conservator for Sara Ruiz, a minor, for judgment notwithstanding the verdict or alternatively for a new trial. Plaintiff has also requested leave to contact the jurors pursuant to Rule 23a of the Rules of Practice for the United States District Court for the District of Kansas. The court has determined that oral argument would not be of material assistance. Rule 15(d), Rules of Practice.

Plaintiff brought this suit seeking damages for birth defects to Sara Ruiz allegedly as a result of her mother's exposure to lead while employed at defendants' battery manufacturing plant. After a lengthy trial involving extensive medical testimony regarding the effects of lead exposure to a pregnant woman and her fetus, the jury returned a general verdict for defendants. Plaintiff's counsel requests leave of court to approach the jurors and discuss with them their impressions, thought processes and reaction to the trial. Plaintiff argues that an opportunity to approach the jurors and the information gathered from these interviews would be useful information for future trials and improving trial techniques. The court finds these reasons are insufficient to satisfy the "just cause" requirements of the local rule as to contacting jurors, and the court will deny plaintiff's request for leave to contact the jurors.

In considering a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the party against whom the motion is made. *Wilkins v. Hogan*, 425 F.2d 1022 (10th Cir.1970); Rule 50(b), Federal Rules of Civil Procedure. A judgment

notwithstanding the verdict may not be granted unless the evidence points one way and is susceptible to no reasonable inferences which may sustain the position of the party against whom the motion is made. *Symons v. Mueller Co.*, 493 F.2d 972 (10th Cir.1974). It is not the court's duty to weigh the evidence [*Wilkin v. Sunbeam Corp.*, 377 F.2d 344 (10th Cir.1967)], or to pass upon the credibility of the witnesses [C. Wright and A. Miller, 9 *Federal Practice and Procedure: Civil*, § 2527], or to substitute its judgment of the facts for that of the jury [*Swearngin v. Sears Roebuck & Co.*, 376 F.2d 637 (10th Cir.1967)].

 The standard for granting a new trial is less rigorous than the standard for granting judgment notwithstanding the verdict. The decision to grant a new trial "involves an element of discretion which goes further than the mere sufficiency of the evidence. It embraces all the reasons which inhere in the integrity of the jury system itself. *Tidewater Oil Co. v. Waller*, 302 F.2d 638, 643 (10th Cir.1962). A new trial is not in order unless the court finds that prejudicial error has entered the record or that substantial justice has not been done. *Seven Provinces Ins. Co., Ltd. v. Commerce & Industry Ins. Co.*, 65 F.R.D. 674 (W.D.Mo.1975).

Although plaintiff has raised several arguments in support of its motion, the court finds only one argument needs discussion.

Prior to submission of the case to the jury, plaintiff requested the court to instruct the jury that violation of the Final Standard for Occupational Exposure to Lead [hereinafter the Lead Standard] by defendants constituted negligence. The specific proposed instruction stated as follows:

As standards of ordinary care certain duties are imposed by law, regulation, or administrative ruling. Some of these laws, regulations, and rulings apply to employers who have employees exposed to airborne lead in the work place. The violation of a duty is negligence. It is for you to determine from the evidence whether any of the following duties ap-ply in this case and whether or not any have been violated.

1. The Final Standard for Occupational Exposure to Lead, 29 C.F.S. (sic) § 1910.1025(1)(1), "Training Program," page 53013 of the Federal Register, Vol. 43, No. 220, which is in evidence as Exhibit [1].

At trial, the above standard, known as the Lead Standard, was admitted into evidence solely for the purpose of showing the knowledge of defendants of the dangers of lead. The evidence indicated that the appropriate persons at Chloride had read and studied the Lead Standard and were aware of its provisions and policies. This standard was adopted by the Occupational Safety and Health Administration [hereinafter OSHA] and imposed regulations on employers. Plaintiff introduced evidence at trial from which it could be reasonably determined by the jury that the defendants violated the Lead Standard. That same evidence, if accepted by the jury, would also show that the defendants violated the reasonable-man standard, which is the basis of negligence under Kansas law. (Establishing "negligence" on the part of the defendants was the lesser of plaintiff's two burdens herein. The defense concentrated on proving there was no *causation*, and the court is of the opinion that the verdict herein most likely turned on the issue of causation.) The court did give appropriate instructions as to the standard for negligence in Kansas.

The court chose not to give the instruction proffered by plaintiff because it was an incorrect statement of the law, it would have diverted the jury's attention from the issues which were properly before it, and it would have been confusing to the jurors.

 Under Kansas law, the breach of a duty imposed by law or ordinance is negligence *per se*. *Plains Transport of Kansas, Inc. v. King*, 224 Kan. 17, 578 P.2d 1095 (1978); *Noland v. Sears, Roebuck & Co.*, 207 Kan. 72, 483 P.2d 1029 (1971); *Kendrick v. Atchison, T. & S.F. Rld. Co.*, 182 Kan. 249, 320 P.2d 1061 (1958). To

determine whether a law or ordinance, or in this case, an administrative regulation, imposes a breach of duty for which negligence per se will be adopted, the court must look to other factors.

The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

(a) to protect a class of persons which includes the one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

*Restatement 2d of Torts*, § 286 (1965).

Thus, it is within the court's discretion to determine whether the Lead Standard sets forth the standard of reasonable care in Kansas. The testimony at trial provided conflicting evidence on what levels of airborne lead would be reasonable under the circumstances and the types of exposure to airborne lead which might harm the fetus of a pregnant woman under certain circumstances. Under these facts it is more appropriate for the jury to determine from the evidence presented at trial, which was substantial, what was reasonable under the circumstances. For the court to have directed that a violation of the Lead Standard was negligence *per se,* without taking into account the circumstances of this particular case, would have been error. In adopting the position that a law or ordinance violation may be negligence *per se* under Kansas law, this court does not believe that the Kansas law intended to incorporate every violation of OSHA standards, but rather the Kansas cases speak of "laws" and "ordinances," not administrative regulations by agencies of the federal government.

Even if the court had found that the standard of conduct of a reasonable man parallels the standard of conduct re-

quired by the Lead Standard, this court would have erred had it instructed the jury pursuant to the instruction proffered by plaintiff. The Lead Standard is a lengthy and confusing document with several appendices. Under the instruction proffered by plaintiff, the jury is given no guidance as to what the Lead Standard does and does not require. To require the jury to read the entire Lead Standard and make a meaningful interpretation of the Lead Standard without guidance from the court would be to divert the jury from the issues in this case and most certainly would confuse the jury. The testimony of the witnesses at trial indicated substantial differences of opinion as to the requirements of the Lead Standard within the industry, and also established the complexity of the Lead Standard. To instruct the jury to refer to Exhibit 1 as the law in this case would have been gross error. If plaintiff had actually intended for the jury to consider the Lead Standard as the appropriate statement of the law, plaintiff should have proffered an instruction setting forth clearly and succinctly the requirements of the Lead Standard as to a battery manufacturer and under what circumstances those duties are violated. It would have been pure speculation on the part of the jury to have determined those issues without such guidance.

The court has additionally considered the other arguments raised by plaintiff in its motion and has determined those arguments to be without merit.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's request for leave to contact the jurors is hereby denied. IT IS FURTHER ORDERED that plaintiff's motion for judgment notwithstanding the verdict, or in the alternative for new trial, is hereby denied.