See also 646 F.Supp. 1557.

**Ronald E. BURK, Plaintiff,**

v.

**UNIFIED SCHOOL DISTRICT NO. 329, WABAUNSEE COUNTY, KANSAS, et al., Defendants.**

**Civ. A. No. 84–4235.**

United States District Court, D. Kansas.

Jan. 30, 1987.

---

Wesley A. Weathers, Elizabeth Herbert, Topeka, Kan., for plaintiff.

Thomas L. Theis, Topeka, Kan., Frank Saunders, Overland Park, Kan., for defendants School Dist. and Dittman.

Leonard M. Robinson, Eskridge, Kan., for defendant Sayler.

Bill Baldock, Alma, Kan., for defendants Schulte, Bloomfield, Feyh, Hund, Palenske, and Schmanke.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

Pending before the court are the following motions: (1) defendants' objections to the taxation of costs; (2) individual motions by the defendants Suzanna Sayler, John Bloomfield and Dave Hund for attorney's fees; and (3) defendants' request to approach jurors. This civil rights action was tried to a jury on October 14–28, 1986. At the close of the evidence, the court directed a verdict in favor of all of the individual defendants and in favor of the defendant Unified School District No. 329 [hereinafter the District] on plaintiff's claims for deprivation of property, deprivation of liberty with respect to his nonrenewal, and the tort of outrage. Only one claim, deprivation of liberty with respect to the District's handling of a student letter, was left for the jury to consider. The jury found for plaintiff but awarded damages of only $1.00.

## I. *Costs.*

On December 1, 1986, the clerk taxed costs against the District in the amount of $3,260.40. Defendants object to the taxation on various grounds and submit that each party should bear its own costs.

■ Review of the clerk's assessment of costs is a de novo review addressed to the sound discretion of the court. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 232–33, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964). As a threshold matter, the court notes that the motion and memorandum objecting to plaintiff's bill of costs is brought by all defendants, including the individual defendants in favor of whom the court directed a verdict on all claims. Judgment in this case was entered against only the defendant District, and, per plaintiff's request, costs were taxed only against the District. Consequently, many of the arguments raised by the individual defendants in their memorandum are moot. We shall treat the remaining objections as if raised solely by the defendant District.

Federal Rule of Civil Procedure 54(d) provides that costs are to be allowed the "prevailing party" unless the court otherwise directs. Defendant submits that under the facts of this case, plaintiff is not really a "prevailing party," and that each party should bear its own costs. We must disagree.

■ For purposes of Rule 54(d), the litigant in whose favor judgment is rendered is considered the prevailing party. 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2667 at 178–79 and cases cited therein. A party who has obtained some relief usually will be regarded as a prevailing party even though he has not prevailed on all of his claims. *Id.* at

181. A plaintiff who recovers only nominal damages is generally considered the prevailing party and therefore entitled to recover costs. *Id.* at 187.

■ We see no reason why this general rule should not be applied in the instant case. Although the jury found that plaintiff suffered no monetary loss, it nonetheless found that the District deprived plaintiff of his right to due process. We believe that plaintiff is entitled to recover all of his properly taxable costs against defendant on that basis.

■ We must next consider the defendant's objections to certain items taxed by the court. First, defendant objects to the taxation of $2,012.50 in costs for depositions of the defendants Pat Baker, Margaret Schmanke, Donald Dittman, Suzanna Sayler and John Bloomfield, all of which were taken by the plaintiff. The court has great discretion to tax deposition costs if it finds the deposition was "necessarily obtained for use in the case." *Miller v. City of Mission*, 516 F.Supp. 1333, 1340 (D.Kan. 1981); *Sturm v. Kansas City Peterbilt*, No. 84–2239 (D.Kan., *unpublished*, March 26, 1986) [Available on WESTLAW DCT database]. Where a deposition was used in defense of a motion for summary judgment, the court may find that the deposition was necessarily obtained and therefore properly taxable. *Miller*, 516 F.Supp. at 1340; *Nationwide Auto Appraiser Service, Inc. v. Association of Casualty and Surety Cos.*, 41 F.R.D. 76, 77 (D.Okla. 1966).

In the instant case the depositions at issue were heavily relied upon by the plaintiff in defending against the defendants' motion for summary judgment. Consequently, the court finds these depositions properly taxable. We note, however, that as to volume one of the Sayler deposition, plaintiff has failed to deduct the cost of an extra copy of the deposition, *i.e.* $171.75, from the amount stated. The court will therefore deduct this amount from the award of costs.

Defendant also objects to the taxation of the cost of *copies* of the depositions of Shari Sommer, Brenda Holaday, Jackie Stuewe, Robert Stuewe, Ed Stuewe, Stone Wahl and J.R. Maike. The Tenth Circuit has held that when copies of the deposition are reasonably necessary to the litigation of the case, the costs of those copies are allowed pursuant to 28 U.S.C. § 1920(4) as fees for exemplification and copies of papers necessarily obtained for use in the case. *Ramos v. Lamm*, 713 F.2d 546, 560 (10th Cir.1983). The court finds that the copies of these depositions were reasonably necessary and therefore properly taxable.

In sum, the court concludes that the clerk has properly assessed costs against the defendant District, with the exception of the improper inclusion of $171.75 for an extra copy of volume one of the Sayler deposition. The clerk's assessment of costs is therefore affirmed with the exception of $171.75.

## II. *Attorney's Fees.*

Defendants John Bloomfield, Suzanna Sayler and Dave Hund have filed individual motions for an award of attorney's fees under 42 U.S.C. § 1988. The court directed a verdict in favor of these three defendants, along with all of the other individual defendants, on the ground that they were qualifiedly immune.

■ Pursuant to 42 U.S.C. § 1988, the court, in its discretion, may award a prevailing defendant in a civil rights case attorney's fees. Fees may be awarded a defendant only when the plaintiff's underlying claim is frivolous, unreasonable or groundless. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980); *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). Bad faith is not required, but if it is found that a plaintiff brought or continued a claim in bad faith, then an even stronger basis for charging him with fees exists. *Id.*

The defendants argue that this suit was brought in bad faith to harass the defendants and was manufactured upon the secret advice of counsel and the plaintiff's

union representative. Furthermore, defendants contend that plaintiff knew the individual defendants had relied upon the advice of their counsel in taking the action that precipitated the lawsuit and therefore knew that they were qualifiedly immune, and, yet, plaintiff continued to bring this action.

■ We are not persuaded by defendants' arguments. First, defendants have failed to convince us that this action was brought in bad faith or to harass the defendants. Second, we do not find that plaintiff's civil rights claim against the individual defendants was groundless merely because, as defendants contend, plaintiff knew the defendants relied upon advice of counsel and therefore should have known that the defendants were immune. This was not a clear-cut case where the doctrine of qualified immunity was certain to apply. In fact, the court was forced to make several difficult decisions concerning the application of the doctrine to the particular circumstances of this case. The fact that plaintiff did not prevail in his arguments concerning the defendants' immunity is not a sufficient basis to assess attorney's fees against him. *See id.* In light of the foregoing, defendants' motions for attorney's fees will be denied.

### III. *Request to Approach Jurors.*

Defendants have requested to approach the jurors in this case to determine the basis for the jury's verdict and the amount of damages awarded. Plaintiff has informed the court that he does not object to defendants' request so long as he is granted a similar right. Pursuant to Rule 23A of the Rules of Practice of the United States District Court for the District of Kansas, the court may authorize attorneys to approach jurors only upon a showing of "just cause." The court is not convinced that just cause exists in this case. Defendants' request will therefore be denied.

IT IS THEREFORE ORDERED that the clerk's assessment of costs against the defendant Unified School District No. 329 is affirmed with the exception of $171.75 taxed for the extra copy of the deposition of Suzanna Sayler.

IT IS FURTHER ORDERED that the motions for attorney's fees by John Bloomfield, Suzanna Sayler and David Hund are denied.

IT IS FURTHER ORDERED that defendants' request to approach jurors is denied.