**Leroy YOUNG, Plaintiff,**

v.

**Richard ROBERTS and Dale Kearns d/b/a Reno Van Truck Sales, Hutchinson, Kansas, Defendants.**

**No. 87–1407–C.**

United States District Court,
D. Kansas.

Feb. 27, 1990.

Eldon L. Meigs, Pratt, Kan., for plaintiff.

Daniel T. Brooks, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendants' motion, pursuant to D.Kan. Rule 219, for review and modification of the clerk's taxation of costs. Defendants seek the addition of $182.50 for the cost incurred in hauling the plaintiff's truck from Pratt to Wichita for the jury's viewing. One morning of the trial, the jury was permitted to view the truck which was displayed sitting on the west yard of the courthouse. Plaintiff opposes the additional cost as not within the express terms of the statute and as unnecessary to the jury's decision.

■ The court exercising its own sound discretion reviews *de novo* the clerk's assessment of costs. *Burk v. Uni-*

*fied School District No. 329*, 116 F.R.D. 16, 17 (D.Kan.1987). Costs are assessed pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920. A prevailing party is presumably allowed all of the authorized costs unless grounds exist for penalizing the party. *True Temper Corp. v. CF & I Steel Corp.*, 601 F.2d 495, 509–10 (10th Cir.1979). A trial court should sparingly exercise its discretion in taxing costs which are not specifically allowed by statute. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964).

Section 1920 allows for the "fees of exemplification" where "necessarily obtained for use in the case." This language has been expansively interpreted to reach all kinds of demonstrative evidence, including charts models, graphs and photographs. *Maxwell v. Hapag–Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir.1988); *see Mikel v. Kerr*, 499 F.2d 1178, 1182–83 (10th Cir.1974) (preparation of maps, charts, and kindred material are assessable when necessarily obtained for use at trial).

■ Instead of seeking costs for the preparation of copies or demonstrative evidence, defendants want to recover the cost of transporting an exhibit to trial. " '[T]he expense of transporting exhibits is not a proper element of costs.' " *Wahl v. Carrier Manufacturing Co. Inc.*, 511 F.2d 209, 217–18 (7th Cir.1975) (citing *Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190, 224 (9th Cir.1964), *cert. denied*, 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87 (1964)); *Brown & Williamson Tobacco Co. v. Jacobson*, No. 82–C–1648, 1987 WL 20431 (N.D.Ill. Nov. 24, 1987) (1987 U.S. Dist. LEXIS 10910). This court did not give prior authorization for the award of costs due to the hauling of the truck. Without such prior approval, such costs should be denied. *See Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 133 (5th Cir.1983). Furthermore, the court does not consider the presence of the plaintiff's truck to have been so essential or critical to defendants' success on the odometer fraud claim that the cost of transporting it should be awarded even though non-

statutory in nature. *See U.S. Industries, Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1236 n. 29 (10th Cir.1988).

IT IS THEREFORE ORDERED that the defendants' motion for review and modification of the clerk's assessment of costs is denied.