No. 62,680

SHIRLEY GERMANN, *Appellant*, v. BONNIE BLATCHFORD and
ERNEST E. GERMANN, *Appellees*.

(792 P.2d 1059)

Opinion filed May 25, 1990.

*W. Irving Shaw*, of Emporia, argued the cause and was on the briefs for appellant.

*Steve R. Fabert*, of Fisher, Patterson, Sayler & Smith, of Topeka, argued the cause, and *James P. Nordstrom* and *Deborah L. Riley*, of the same firm, were with him on the briefs for appellee Bonnie Blatchford.

*Richard O. Skoog*, of Richard O. Skoog, P.A., of Ottawa, was on the brief for appellee Ernest E. Germann.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the plaintiff, Shirley Germann, from an order of the district court which denied her motion for a new trial based upon the inadequacy of the jury verdict. In an unpublished opinion, *Germann v. Blatchford*, No. 62,680, filed November 9, 1989, the Court of Appeals reversed the judgment and remanded the case for a new trial on the issue of damages only. We granted petitions for review filed by both defendants, Bonnie Blatchford and Ernest E. Germann. We affirm the decision reached by the Court of Appeals.

On May 10, 1985, Shirley Germann was a passenger in the front seat of a station wagon driven by her husband, Ernest E. Germann, when their vehicle was involved in a head-on collision with a pickup truck driven by Bonnie Blatchford. The Germanns' daughter, Christy, was a passenger in the back seat. Plaintiff sued her husband and Bonnie Blatchford, claiming each was negligent

in operating their respective vehicles. Plaintiff also sued Coffey County, alleging the county was negligent in maintaining and signing the road. The claims against the county were settled before trial and all parties stipulated to the county's dismissal from the case with prejudice. At trial the district court ruled as a matter of law that there was no fault on the part of the plaintiff which contributed to the accident and the issue of fault was limited to that of the two individual defendants.

The jury, utilizing a verdict form prepared in compliance with K.S.A. 1989 Supp. 60-249a, found each defendant 50% at fault and awarded damages as follows:

"3. Without considering the percentage of fault found in question 2, what total amount of damages do you find was sustained by Shirley Germann for each of the following items:

"A. Pain and suffering, disability or disfigurement and any accompanying mental anguish from the accident in question to date:     $ -0-
"10 of the 12 of us agreed on the above answer.

"B. Pain and suffering, disability or disfigurement and any accompanying mental anguish reasonably certain to be sustained in the future:     $ -0-
"12 of the 12 of us agreed on the above answer.

"C. Reasonable expenses of necessary medical care, hospitalization and treatment received from the accident in question to date:     $5,500.00
"11 of the 12 of us agreed on the above answer.

"D. Reasonable expenses of necessary medical care, hospitalization and treatment reasonably certain to be sustained in the future:     $ -0-
"12 of the 12 of us agreed on the above answer.

"E. Loss of time or income from the accident in question to date:     $ -0-
"12 of the 12 of us agreed on the above answer.

"F. Loss of time or income reasonably certain to lose in the future:     $ -0-
"11 of the 12 of us agreed on the above answer.

"G. Loss and impairment of her ability to perform services as a wife to her husband to date:     $1,000.00
"10 of the 12 of us agreed on the above answer.

"H. Loss and impairment of her ability to perform services as a wife to her husband reasonably certain to be sustained in the future:     $ -0-
"12 of the 12 of us agreed on the above answer.

TOTAL     $6,500.00"

Plaintiff has appealed the judgment entered upon the jury's verdict, asserting that she is entitled to a new trial because of the inadequacy of the verdict and the failure of the jury to award

appropriate damages. Although plaintiff, in her motion for a new trial and in her briefs on appeal, asserts the entire verdict was based upon passion and prejudice by the jury and is inadequate, she primarily contends that she is entitled to a new trial because of the jury's failure to allow any award for pain and suffering.

The issue of plaintiff's damages was hotly contested throughout the trial. Plaintiff focused on her numerous injuries, their severity, and their effect upon her activities. The defendants focused on plaintiff's preexisting conditions, the lack of objective evidence that plaintiff's injuries were a result of the accident, and plaintiff's credibility regarding the truth and extent of her injuries.

Evidence of what happened to plaintiff during the accident came primarily from her testimony and that of her husband. Plaintiff testified that, when she realized they were going to crash, she put her left hand on the dash and grabbed the handhold on the door. Although plaintiff did not recall hitting the dash with any part of her body, defendant Germann testified that plaintiff's knees hit the dash when she was thrown into it and that her head hit the windshield. Both he and Christy testified that Christy was thrown against the back of the front passenger seat, which shoved plaintiff forward into the dashboard. Plaintiff did remember that her head hit the windshield.

After the accident, plaintiff was taken by ambulance to Coffey County Hospital. Although she was conscious or semi-conscious immediately after the accident, she was unconscious when the ambulance personnel arrived at the scene.

According to plaintiff, when she woke up at the hospital she was suffering severe head pain; severe pain in the right ribs; pain in the right hip, knees, left hand, neck, and lower back; and numbness down the right side of her face. She could hardly open her mouth. Defendant Germann, in his testimony, confirmed his wife's complaints of pain and suffering.

Dr. Smith, the physician who examined plaintiff at the emergency room, testified she complained of a headache, neck pain, lower back pain, and much pain in both knees. Upon his applying pressure to her scalp and both knees, Dr. Smith said plaintiff complained of "significant pain and tenderness." He confirmed that plaintiff had some contusions and some "relatively superficial abrasions" on both knees. Dr. Smith diagnosed plaintiff as having

a concussion syndrome, a cervical strain, and abrasions to the knees. She was hospitalized overnight.

Between the date of the accident and the beginning of trial on May 10, 1988, the plaintiff consulted and was treated by numerous doctors for various complaints, which plaintiff contended resulted from the accident. Plaintiff was operated upon for a torn meniscus of the right knee and had surgery on her hand for carpal tunnel syndrome. She also was treated for temporal mandibular joint misalignment. Plaintiff denied these problems existed prior to the accident. Defendants, on the other hand, asserted that the complaints were highly exaggerated or nonexistent and that, if they existed at all, the complaints were the result of preexisting conditions and the automobile collision did not cause or contribute to them. Numerous experts testified in support of both positions.

The defendants denied all of plaintiff's contentions and claims; however, the evidence of her pain and suffering at the time of the accident and immediately thereafter, as testified to by Dr. Smith and others, is essentially uncontroverted.

Although plaintiff asserts the entire verdict was inadequate and contrary to the instructions and the evidence, she primarily contests the lack of any award for pain and suffering. The issue before the Court of Appeals and now before this court is not one addressing the inadequacy of a verdict granting nominal damages for pain and suffering, but one which granted no such damages when the uncontroverted evidence was that the plaintiff did experience some pain and suffering.

Plaintiff claims that the jury's verdict was inconsistent, because it is not conceivable for the jury to have awarded $5,500 for medical expenses and $1,000 for loss of consortium, yet find no pain and suffering. Further, she contends there was no evidence controverting the bruises and abrasions to her knees, that she was unconscious, or her complaints of pain on May 10, 1985, and, even if the jury found preexisting conditions, it was instructed to consider whether the accident aggravated those conditions. It should also be noted that plaintiff claimed medical expenses in excess of $22,000, which she attributed to the injuries sustained in the accident.

The defendants contend the jury could have awarded the $5,500 in medical expenses for services rendered for the numerous examinations and attempts at diagnosis and the loss of consortium for plaintiff's time spent in getting the examinations and diagnosis, but found the evidence showed only pain from preexisting conditions and not pain and suffering from the accident. They distinguish prior Kansas cases, saying the evidence of pain and suffering was uncontradicted in those cases and contend that plaintiff in this case did not meet her burden of proving her pain and suffering was caused by the accident.

In addition to instructing the jury on preexisting conditions (PIK Civ. 2d 9.43) and loss of consortium (PIK Civ. 2d 9.02), the court also instructed the jury as to the various elements of personal injury damages as set forth in PIK Civ. 2d 9.01. The instruction read:

### "INSTRUCTION NO. 25

"If you find the Defendants, or either of them, to be at fault, it will be your duty to determine the amount of Plaintiff's recovery. You should allow her such amount of money as will reasonably compensate her for her injuries and losses resulting from the occurrence in question or aggravation of any pre-existing ailment or condition for any of the following shown by evidence:

"a. Pain, suffering, disabilities, or disfigurement, and any accompanying mental anguish suffered by the Plaintiff to date and those she is reasonably certain to experience in the future;

"b. The reasonable expenses of necessary medical care, hospitalization and treatment received and reasonable expense of necessary medical care, hospitalization and treatment reasonably certain to be needed in the future;

"c. Loss of time or income to date by reason of her disabilities and that which she is reasonably certain to lose in the future.

"In arriving at the amount of your verdict you should consider Plaintiff's age, condition of health before and after, and the nature extent and duration of the injuries. For such items as pain, suffering, disability and mental anguish there is no unit value and no mathematical formula the Court can give you. You should award such sum as will fairly and adequately compensate her. The amount to be awarded rests within your discretion."

In *Henderson v. Kansas Power & Light Co.*, 188 Kan. 283, 362 P.2d 60 (1961), this court considered the rules to be applied in considering a claim of an inadequate verdict. In doing so, the court stated:

"In considering the question presented, several elementary and firmly-established rules are to be kept in mind. One is that ordinarily the granting

or denial of a new trial rests in the sound discretion of the trial court and a ruling thereon will not be disturbed, absent a showing of abuse of discretion or other manifest error. Another is that until the contrary is shown, a jury is presumed to have acted fairly, reasonably, intelligently and in harmony with the evidence. Still another is that the same yardstick must be applied where the claim is that a verdict is inadequate as in a case where a verdict is claimed to be excessive, and before a new trial will be granted because of the size of a verdict it must appear to be so excessive or inadequate, as the case may be, as to have been given under the influence of passion and prejudice. . . .

. . . .

". . . We also are aware of the fact that ordinarily the assessment of damages in personal injury cases is exclusively the province of the jury (*Domann v. Pence*, 183 Kan. 135, 325 P.2d 321), and that courts should exercise utmost care and caution in granting a new trial on the ground of inadequacy of a verdict." 188 Kan. at 289-90.

After discussing the foregoing principles, this court, in *Henderson*, found that the jury verdict of $5,000 in a personal injury action was so inadequate, based upon the injuries shown by the evidence, that justice required a new trial.

The most relevant Kansas cases are those considering situations where the verdict was equal to or less than plaintiff's medical expenses. Defendants rely primarily upon *Furstenberg v. Wesley Medical Center*, 200 Kan. 277, 436 P.2d 369 (1968), where the court found no error in such a verdict, while plaintiff relies primarily upon *Timmerman v. Schroeder*, 203 Kan. 397, 454 P.2d 522 (1969), where the court granted a new trial because the verdict did not reflect an amount for the uncontroverted evidence of pain and suffering. Most, if not all, of the cases relied upon by the parties involved general verdicts rather than an itemized verdict.

In *Furstenberg*, plaintiff suffered personal injury when she fell in an unlighted construction area while entering defendant's hospital. The jury returned a general verdict for $765, the exact amount plaintiff had paid for medical expenses. On appeal this court found it could not conclude that the verdict denoted passion and prejudice on the part of the jury or that it was grossly inadequate. In doing so, the court first observed that the jury also denied the defendant hospital's counterclaim of $1,730.75 for services rendered, which increased the benefits plaintiff actually received. Second, the amount of the verdict could have reflected

the jury's determination that the hospital should not be responsible for paying all plaintiff's medical expenses because of other factors, including her obesity, her preexisting arthritis, and her continuous wearing of high heels, which could have caused or contributed to her problems. Thus, the court speculated that the general verdict may not have been limited to medical expenses and may have included an amount for pain and suffering.

While defendants contend the present case is similar to *Furstenberg* because of the evidence that other factors caused or contributed to plaintiff's injuries, *Furstenberg* is not persuasive because the court inferred that the general verdict might have included some award for pain and suffering. The court simply found the jury could have questioned the amounts of the medical bills in light of the impeaching evidence. In the case now before the court, it is clear from the itemized verdict that the jury allowed nothing for plaintiff's uncontroverted pain and suffering.

In *Timmerman*, the plaintiff was injured in a two-car collision and in a jury trial was awarded $357.95, the exact amount she paid for medical expenses. Plaintiff received extensive facial lacerations which required numerous stitches and suffered pain from both bruising and lacerations. This court stated:

"The question here presented is whether a jury verdict which limits damages to the exact amount of medical expenses without allowing any amount for pain, suffering and permanent injuries should have been approved by the trial court when a claim for pain, suffering and permanent damages was made and proven.

. . . .

"A verdict in a personal injury action limited to the exact amount of uncontradicted medical expenses incurred as a result of an accident, and which verdict includes nothing for the pain and suffering or permanent injury, shown by uncontradicted evidence is in part contrary to the evidence and should be set aside on motion for new trial. [Citations omitted.] An allowance limited to the amount of medical expenses in such cases disregards the plain instructions of the court on damages.

"The defendant relies on *Furstenberg v. Wesley Medical Center*, 200 Kan. 277, 436 P.2d 369, and *Brown v. Godfrey*, 200 Kan. 568, 438 P.2d 117. The basic rule of law underlying those cases does not give support to defendant's position. Inherent in both of those decisions is the rule expressed herein, for in upholding the verdicts we there determined the amounts allowed were not conclusively limited to actual medical expenses incurred as a result of the injuries. Some part of the amounts allowed in each of

those verdicts was reasonably attributable to damages for pain and suffering or permanent disability." 203 Kan. at 399-400.

While both *Furstenberg* and *Timmerman* can be distinguished because of the nature of a general verdict as opposed to the itemized verdict here, we find the reasoning of *Timmerman* applicable to the present case.

With the adoption of the itemized verdict required by K.S.A. 1989 Supp. 60-249a, the damages awarded for any specified element of loss or injury are not subject to speculation. In 'the present case, the elements of damage were clearly separated into four specific categories. For each element specified the jury was directed to consider the extent of the damages, if any, incurred prior to trial and those which were reasonably certain to be incurred in the future. While the jury is free to award no damages for any particular element not supported by the evidence, an award of $5,500 for medical expenses and $1,000 for loss of consortium cannot be reconciled with no award for pain and suffering. The monetary awards found by the jury clearly indicate that the jury was convinced that the plaintiff suffered injuries as a direct result of the accident. The uncontroverted evidence discloses the plaintiff experienced something more than minimal discomfort immediately following the accident and while hospitalized under Dr. Smith's care. The jury was not free to find the plaintiff was injured to the extent indicated by the two monetary awards and then totally ignore other proven elements of damage. To do so results in an inconsistent verdict which is contrary to the instructions and the evidence.

We fully recognize that the jury, as the trier of the facts, must determine the credibility of the witnesses, the weight to be given to the evidence, and the extent of the damages suffered, if any. Here, the jury found plaintiff suffered more than minimal injury and then failed to award any amount for damages which directly flowed from those injuries. Our review of the entire record convinces us that this verdict is so far contrary to the evidence and instructions that a new trial is required.

We conclude the Court of Appeals was correct in its determination that the verdict was inadequate and that plaintiff is entitled to a new trial upon the issue of damages only.

The judgment of the Court of Appeals is affirmed, the judgment of the district court is reversed, and the case is remanded with directions to grant the plaintiff a new trial on the issue of damages only.