Jonie WITHROW, Plaintiff,

v.

Marie CORNWELL, Defendant.

Civ. A. No. 93–2040–KHV.

United States District Court,
D. Kansas.

Feb. 3, 1994.

Caleb Boone, Hays, KS, for Jonie With-row.

Michael P. Oliver, Robert A. Mintz, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, KS, for Marie Cornwell.

Lynn W. Hursh, Gerald A. King, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, for Mary Alice Boethin.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Before the Court are plaintiff's *Motion for Alteration and Amendment of Judgment or in the Alternative for New Trial* (Doc. # 94) and *Defendant's Motion for Reconsideration of the Clerk's Order and Motion of Defendant for the Denial of Costs in This Action* (Doc. # 93).

Plaintiff brought this diversity action alleging personal injuries resulting from an accident involving defendant's automobile. The Court held a jury trial on October 5 through October 8, 1993, at which the Court directed a verdict in favor of plaintiff on the issue of negligence and submitted to the jury the question of damages. The jury awarded plaintiff $724 for reasonable medical expenses. The jury found that plaintiff had suffered no permanent injury or disfigurement and awarded no damages for pain and suffering, mental anguish, injury, disability, disfigurement, future medical cost, or lost income.

1. *Motion for Alteration and Amendment of Judgment or in the Alternative for New Trial* (Doc. # 94).

Plaintiff urges that the Court order additur or, in the alternative, a new trial. Plaintiff contends that a $724 award for medical expenses is inadequate because plaintiff submitted evidence that she incurred over $2000 in medical expenses. Plaintiff further asserts that the jury's finding of no damages for pain and suffering is contrary to the undisputed evidence that plaintiff was screaming hysterically at the moment of the accident. Some amount of money, plaintiff claims, must be awarded for such "undisputed mental anguish." Finally, plaintiff argues that the jury was unduly influenced by social security forms which the Court admitted into evidence.

■ The Seventh Amendment of the United States Constitution prevents the Court from increasing the jury verdict without the consent of both parties. *See Dimick v. Schiedt*, 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935) (additur with consent of defendant violates plaintiff's constitutional right to verdict by jury); *Estes v. Southern Pacific Trans. Co.*, 598 F.2d 1195, 1199 (10th Cir.1979) (plaintiff's motion for additur overlooks defendant's Seventh Amendment right to have jury determine damages).[1] Because defendant opposes additur, the Court will consider plaintiff's alternative motion for new trial.

■ Motions for new trial are committed to the sound discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Brownlow v. Aman*, 740 F.2d 1476, 1491 (10th Cir.1984). The court may order a new trial when the verdict is against the weight of the evidence or when

1. Plaintiff argues that Kansas law governs whether the Court may order additur. Plaintiff has not convinced the Court, however, that the Supreme Court's ruling in *Dimick* should not apply in this case. In any event, it appears that Kansas law does not support plaintiff's position. *See Dixon v. Prothro*, 251 Kan. 767, 774, 840 P.2d 491, 496 (1992) (court may increase inadequate jury verdict without consent of prevailing party only where (1) court is authorized by statute to amend or correct a verdict defective in form only; (2) answers to special questions in verdict form require that amount of jury's general verdict be increased; or (3) trial court withheld evidence that is certain in amount and the withholding is minor error which does not affect jury's decision of main issue). Plaintiff has not demonstrated any of the factors cited in *Dixon*. Moreover, plaintiff urges the Court to order additur without the consent of the losing party, not the prevailing party.

prejudicial error has entered the record. *Holmes v. Wack*, 464 F.2d 86, 89 (10th Cir. 1972). The court should reject a jury verdict only if, after a review of all the evidence, "the court is left with a definite and firm conviction that the jury has erred." *United States v. Ramirez*, 1989 WL 78592, Case No. 86–4355 (D.Kan. June 27, 1989) (quoting *Ryan v. McDonough Power Equip. Inc.*, 734 F.2d 385, 387 (8th Cir.1984)).

## A. Jury Verdict

■ As to medical costs, the jury was not compelled to compensate plaintiff for all of her medical bills. Rather, the jury had a duty to compensate plaintiff only for those medical expenses which were caused by the accident and were reasonable and necessary. See Jury Instruction No. 13. Based on expert testimony at trial, the jury found that plaintiff had suffered no permanent injury as a result of the accident. The jury's failure to award damages for injuries is consistent with that finding, and suggests a conclusion that plaintiff suffered no injury at all as a result of the accident. The jury could have concluded that it was reasonable for plaintiff to seek medical attention to determine whether she was injured, but that not all of plaintiff's medical expenses were reasonable, necessary, and attributable to the accident. A reasonable jury could have concluded, based on the evidence, that only $724 of the medical costs submitted by plaintiff were reasonable and necessary.

■ In light of the jury's finding that plaintiff was not injured as a result of the accident, the jury was not required to award plaintiff damages for pain and suffering. The fact that plaintiff may have screamed hysterically at the time of the accident does not require an award of damages for pain and suffering. In response to inquiries by plaintiff's counsel regarding the amount of pain experienced as a result of the accident, plaintiff testified to the effect of: "I don't know, it hurt. Pain is pain." Based on the credibility of plaintiff's testimony at trial, however, a reasonable jury could have concluded that plaintiff suffered no compensable pain and suffering as a result of the accident. Once again, this finding is consistent with the jury's finding that plaintiff suffered no actual injury as a result of the accident.

The Kansas cases in which courts have ordered new trials because the jury awarded no damages for pain and suffering are distinguishable from this case. Plaintiffs in those cases suffered actual injuries as a result of the accident. See, e.g., *Germann v. Blatchford*, 246 Kan. 532, 539, 792 P.2d 1059, 1064 (1990) (jury clearly found that plaintiff suffered injuries as a direct result of the accident and uncontroverted evidence disclosed that plaintiff experienced something "more than minimal discomfort"); *Miller v. Zep Manuf. Co.*, 249 Kan. 34, 46–47, 815 P.2d 506, 515–516 (1991) (jury awarded damages for future medical expenses but failed to compensate for undisputed pain and suffering and past medical expenses); *Dixon v. Prothro*, 1989 WL 112636, 1989 Kan.App. LEXIS 673, p. 5 (jury awarded damages for past and future medical expenses, and plaintiff's medical treatments were based on complaints of pain).

Here, the jury did not compensate plaintiff for all of her past medical expenses, let alone any future medical expenses. The fact that the jury awarded plaintiff $724 for part of her medical expenses does not demonstrate that the jury found that plaintiff suffered injuries as a result of the accident. To the contrary, the jury awarded no damages for injuries and specifically found that plaintiff suffered no permanent injury as a result of the accident. Moreover, because the jury found that plaintiff's reasonable medical expenses were $724 (less than $2000) and that plaintiff suffered no permanent injury, K.S.A. 40–3117 prevents plaintiff from recovering damages for pain and suffering. K.S.A. 40–3117 provides in part:

> In any action for tort brought against the owner, operator or occupant of a motor vehicle ... a plaintiff may recover damages in tort for pain, suffering, mental anguish, inconvenience and other non-pecuniary loss because of injury only in the event the injury requires medical treatment ... having a reasonable value of $2000 or more, or the injury consists in whole or in part of permanent disfigurement, a fracture to a weight-bearing bone,

a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability, permanent loss of a bodily function or death.

Based on the foregoing, the jury verdict was well supported by the evidence.

### B. Social Security Forms

■ Plaintiff argues that the Court erred either by admitting social security forms into evidence or by failing to remove references to "social security" before submitting the forms to the jury. Plaintiff argues that the social security forms are inadmissible evidence of collateral source benefits and that the prejudicial effect of the forms outweighed their probative value.

Approximately two weeks prior to the accident, plaintiff applied for social security disability benefits, claiming that she was wholly disabled. Over plaintiff's objection, the Court admitted the social security applications into evidence. While admittedly prejudicial to plaintiff, the social security applications were extremely relevant to the credibility of plaintiff's claim that she was not totally disabled until the accident in question. The evidence was not admitted to show collateral source benefits, and the jury was not informed whether plaintiff actually received any payments. Thus, the social security forms were not evidence of collateral source benefits and were properly admitted into evidence.[2]

### 2. Defendant's Motion for Reconsideration of the Clerk's Order and Motion of Defendant for the Denial of Costs in this Action (Doc. # 93).

■ On October 8, 1993, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, the Clerk of the United States District Court entered an order awarding costs to plaintiff. Defendant requests that the Court reconsider that order and deny costs to plaintiff. Defendant reports that

plaintiff refused defendant's offer at mediation to settle the case for the total amount of her medical expenses, which is more than plaintiff recovered at trial. Defendant states that plaintiff countered with a significantly higher amount and again, prior to trial, refused defendant's offer to pay medical expenses. Defendant further contends that plaintiff artificially inflated her costs by conducting numerous lengthy and verbose out-of-town depositions, many of which defendant believes were unnecessary and objected to at trial. Defendant also claims that counsel for plaintiff arguably refused to abide by an informal agreement reached between counsel prior to trial as to foundation for business and medical records. Defendant maintains that this breach, along with numerous motions made by plaintiff's counsel, caused an extra day of trial.

Rule 54(d) provides that "costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs." Under the rule, the district court has broad discretion in deciding whether to deny costs. See Howell Petroleum Corp. v. Samson Resources Co., 903 F.2d 778, 783 (10th Cir. 1990). "[T]he litigant in whose favor judgment is rendered is considered the prevailing party." Burk v. Unified School Dist. No. 329, 116 F.R.D. 16 (D.Kan.1987). A party who has obtained some relief is generally regarded as the prevailing party, even if she has not prevailed on all of her claims. Id.

Defendant urges that the Court follow S.G.C. v. Penn–Charlotte Assoc., 116 F.R.D. 284 (W.D.N.C.1987), wherein the court exercised its equitable discretion under Rule 54(d) to deny recovery by plaintiff of any costs incurred after defendant's formal offer of settlement. The Court, however, refuses to scrutinize the parties' settlement discussions. Defendant could have made an offer of judgment under Rule 68, but opted not to do so. The Court sees no need to delve into the disparity and reasonableness of the parties' settlement offers. As to defendant's

---

**2.** The fact that references to "social security" were not redacted does not change the court's view of this issue. In evaluating plaintiff's testimony, the jury was entitled to consider the fact that plaintiff's statements with respect to her pre-existing condition were made with intent to secure financial benefit from the federal government, and were not casual or uncalculated statements, but statements intentionally made to an agency of the federal government.

other arguments, the Court is not persuaded that plaintiff's actions justify denial of costs. The Court declines to review retroactively the effectiveness of the strategy of plaintiff's counsel using certain depositions at trial, especially when the Court overruled defendant's objections and allowed the deposition testimony into evidence. The Court directed a verdict in favor of plaintiff and the jury awarded her $724.00 in damages. Plaintiff is the prevailing party under Rule 54(d), and the Court sees no reason why costs should not be assessed as previously ordered.

**IT IS THEREFORE ORDERED** that plaintiff's *Motion for Alteration and Amendment of Judgment or in the Alternative for New Trial* (Doc. # 94) and *Defendant's Motion for Reconsideration of the Clerk's Order and Motion of Defendant for the Denial of Costs in this Action* (Doc. # 93) should be and hereby are overruled.