**Vicki J. GANS, Plaintiff,**

v.

**C.F. MENNINGER MEMORIAL HOSPITAL and The Menninger Clinic, Defendants.**

**Civ. A. No. 94–4031–DES.**

United States District Court, D. Kansas.

May 19, 1995.

Jack A. Quinlan, Scott, Quinlan & Hecht, Topeka, KS, Kenneth Cobb, Cobb, Hallinan & Ehrlich, P.C., Lincoln, NE, for plaintiff.

Thomas E. Wright, Wright, Henson, Somers, Sebelius, Clark & Baker, Topeka, KS, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on plaintiff's Motion for a New Trial (Doc. 52). Defendant has filed a response (Doc. 54). Having reviewed the motion, the memoranda in support and opposition to the motion, and the relevant law, the court finds the motion should be denied.

Plaintiff raises ten issues, six of which claim the court erred by its instructions to the jury and four of which challenge the verdict on the grounds that it is contrary to the law, contrary to the facts, not supported by the evidence, and resulted in the failure to award noneconomic damages. Those issues which can be reasonably and logically combined will be addressed together.

Plaintiff's first three assignments of error claims the court erred in giving Instruction No. 3. Instruction No. 3 is that instruction which states the claims of the parties and is patterned after PIK 6.01.

Plaintiff's claim of error is without merit. The instruction clearly states it is "stating the claims of the parties." In addition, Instruction No. 4 instructs the jury that the "foregoing instruction sets forth the claims of the respective parties ... and are not to be considered by you as any evidence in this case. The allegations of the respective parties must be established and proven by the evidence."

The court finds there is no chance that the jury would be confused by Instruction No. 3 and Instruction No. 4 and that the instructions are accurate statement of the claims of the parties.

Plaintiff's fourth assignment of error is that the court erred in giving Instruction No. 13. Plaintiff claims PIK 15.02, the duty of care instruction, should have been modified to include the words "or should have known" to the statement "The degree of care depends upon the known physical and mental ailments of the patient...."

Plaintiff provides no support for her position. The instruction given by the court follows well established Kansas law. *Durflinger v. Artiles*, 234 Kan. 484, 489, 673 P.2d 86 (1983). There was no error.

Plaintiff next claims that the court erred in instructing on negligence and the lack of ordinary care. Specifically, plaintiff claims the court erred in not instructing the jury with instructions gleaned from prior case law which focused on contributory negligence.

See *Avey v. St. Francis Hospital & School of Nursing*, 201 Kan. 687, 442 P.2d 1013 (1968). *Avey* was designed to mitigate the harsh result of no recovery under contributory negligence when an individual's mental capacity or condition was unknown. Because the law of comparative negligence has a built in safeguard to avoid harsh results, *Avey* is not applicable. Plaintiff's claims concerning Instruction No. 15 are without merit.

"Instructions in any particular action are to be considered together and read as a whole, and where they fairly instruct the jury on the law governing the case, error in an isolated instruction may be disregarded as harmless. If the instructions are substantially correct, and the jury could not be reasonably misled by them, the instructions will be approved on appeal."

*Trout v. Koss Constr. Co.*, 240 Kan. 86, 88–89, 727 P.2d 450 (1986).

Plaintiff claims, in her last four assignments of error, that the verdict is contrary to the law and the facts, not supported by the evidence and that the jury erroneously failed to award noneconomic damages.

 The court finds there was sufficient evidence to support the jury's finding and that the law was properly applied in this case.

Plaintiff argues that the jury could not find defendants at fault, award damages for medical expenses and not award damages for pain and suffering. In support of this proposition, plaintiff cites *Timmerman v. Schroeder*, 203 Kan. 397, 454 P.2d 522 (1969), *Lutz v. Peine*, 209 Kan. 559, 498 P.2d 60 (1972), and *Germann v. Blatchford*, 246 Kan. 532, 792 P.2d 1059 (1990).

Plaintiff is in error, however, because in each of those cases the evidence of medical expenses was uncontroverted, unlike the case before this court. Defendants introduced evidence that challenged plaintiff's claimed medical expenses and bills, particularly plaintiff's evidence of chiropractic expenses.

The jury was clearly within its bounds based on the controverted evidence as to plaintiff's pain and suffering in not making such an award.

"A new trial is not in order unless the court finds prejudicial error has entered the record or substantial justice has not been done." *Security National Bank for Ruiz v. Chloride, Inc.*, 602 F.Supp. 294, 296 (D.Kan. 1985).

Having found no error and no showing of prejudice to the plaintiff, the court finds the Motion for New Trial must be denied.

**IT IS THEREFORE BY THE COURT ORDERED** that the Motion for New Trial (Doc. 52) is denied.