UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 8/22/96**

VICKI J. GANS,

       Plaintiff-Appellant,

v.

C.F. MENNINGER MEMORIAL
HOSPITAL and THE MENNINGER
CLINIC,

       Defendants-Appellees.

No. 95-3193
(D.C. No. 94-CV-4031)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BRIGHT,[**] and KELLY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Vicki J. Gans appeals the jury verdict and judgment in her negligence action against defendants C.F. Menninger Memorial Hospital and the Menninger Clinic for injuries allegedly sustained while hospitalized at defendants' mental health facility with a principal diagnosis of post-traumatic stress disorder. In her action, plaintiff claimed to have suffered injuries when she fell out of a tree while roaming the hospital grounds without appropriate supervision. The jury found plaintiff forty-nine percent at fault and defendants fifty-one percent at fault, and determined that plaintiff had sustained damages of $7,500 for medical expenses. We have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291, and we affirm.

On appeal, plaintiff argues that the district court erred in denying her motion for a new trial because: (1) the court erroneously instructed the jury with respect to the appropriate standard of care to which plaintiff should be held, and (2) the jury improperly failed to award noneconomic damages. We review the district court's denial of plaintiff's motion for a new trial for abuse of discretion. See Sheets v. Salt Lake County, 45 F.3d 1383, 1390 (10th Cir.), cert. denied, 116 S. Ct. 74 (1995). We will reverse "only if the trial court 'made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'"

-2-

Id. (quoting Hinds v. General Motors Corp., 988 F.2d 1039, 1046 (10th Cir. 1993)).

Plaintiff contends that the district court erroneously instructed the jury on the issue of negligence by defining the standard of care applicable to plaintiff with reference to an "ordinary person" rather than a person suffering from mental disease. In relevant part, the court instructed the jury that "[n]egligence is the lack of ordinary care. It is the failure of a person to do something that an ordinary person would do, or the act of a person doing something that an ordinary person would not do, measured by all the circumstances then existing." Appellant's App. at 8. The court refused plaintiff's tendered instruction, which provided: "Where the mental condition of a person is in dispute, his mental incapacity if found to exist insofar as it is known to the person charged with the duty of care must be given weight in determining whether the person thus mentally deficient was guilty of contributory negligence." Id. at 7.

We review the district court's refusal to give a particular jury instruction for abuse of discretion. Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1564 (10th Cir. 1993). "In assessing whether the court properly exercised that discretion, [we] . . . examine the instructions as a whole to determine if they sufficiently cover the issues in the case and focus on the facts presented by the evidence." United States v. Lee, 54 F.3d 1534, 1536 (10th Cir.), cert. denied, 116

S. Ct. 247 (1995). "An error in jury instructions will mandate reversal of a judgment only if the error is determined to have been prejudicial after reviewing the record as a whole." Brown, 11 F.3d at 1564.

Having reviewed the limited record before us,[1] we find no basis to conclude that the district court abused its discretion in refusing plaintiff's requested instruction. The proposed instruction was drawn from the language in a Kansas Supreme Court case involving the question of appropriate instructions for contributory negligence where "[f]rom the record it [was] apparent that reasonable minds might differ . . . upon the question of [the] plaintiff's accountability for his own actions." Avey v. St. Francis Hosp. & Sch. of Nursing, Inc., 442 P.2d 1013, 1023 (Kan. 1968). Without considering the extent to which Avey survived the move to comparative fault (or the extent to which the jury might have been confused by a reference to contributory negligence), the record before us reveals no comparable question as to plaintiff's accountability for her actions in connection with the alleged incident. Although plaintiff clearly suffered from serious mental problems, nothing before us suggests that she lacked the mental capacity to understand and appreciate the danger inherent in climbing

---

[1]     We note that Tenth Circuit Rule 30.1.1. provides that "[i]t is the responsibility of appellant's counsel to file an appendix sufficient for consideration and determination of the issues on appeal. . . . The court is under no obligation to remedy any failure of counsel to fulfill that responsibility."

trees, see Appellee's Supp. App. at 73, 117, or furthermore that defendants had any knowledge of any such lack of capacity. Even though plaintiff's mental condition resulted in periodic episodes which diminished or eliminated her ability to care for herself, there is no indication that plaintiff was incapable of understanding and appreciating the possibility of such episodes and the potential danger they posed. See id. at 68, 78-79, 123. Plaintiff's suggestion in her reply brief that anyone receiving in-patient psychiatric care is automatically incapable of assuming any responsibility for herself is not persuasive, and indeed contradicts the evidence before us. See id. at 65-67, 69, 91 (testimony regarding defendants' system of assigning varying levels of responsibility to its patients), 115 (plaintiff's testimony that she acted responsibly while taking walks on the grounds).

Plaintiff's second claim of error relates to the jury's determination of damages. Plaintiff contends that the district court erred in denying her motion for a new trial because the jury's failure to award damages for noneconomic loss (pain, suffering and disability) was contrary to the evidence and inconsistent with its award of $7,500 for medical expenses. Our review in this situation "focuses on whether the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence, with the trial court's decision [to deny the motion for a new trial] to stand absent a showing of a manifest abuse of discretion." Continental

Casualty Co. v. Southwestern Bell Tel. Co., 860 F.2d 970, 972 (10th Cir. 1988), cert. denied, 489 U.S. 1079 (1989). Here, the record on appeal does not include those portions of the record which would enable us to conduct our review.[2] Accordingly, we have no basis to question the district court's conclusion that "[t]he jury was clearly within its bounds based on the controverted evidence as to plaintiff's pain and suffering in not making such an award." Appellant's App. at 18 (district court's mem. and order, denying plaintiff's motion for a new trial).

---

[2]   In support of her argument on damages, plaintiff relies not on her own evidentiary record but on two Kansas cases where reversible error was found when juries awarded medical expenses incurred as a result of personal injuries but nothing for noneconomic damages. In both cases, however, the Kansas Supreme Court made it clear that it was dealing with situations where the evidence of pain and suffering as a result of the accidents was uncontroverted. Germann v. Blatchford, 792 P.2d 1059, 1064 (Kan. 1990); Timmerman v. Schroeder, 454 P.2d 522, 524 (Kan. 1969). Although we cannot independently confirm it given the limited record before us, that apparently is not the case here. See Appellant's App. at 18 (district court's mem. and order, denying motion for new trial).

Furthermore, contrary to the position taken in plaintiff's brief, it would appear from the record before us that the award for medical expenses does not represent "the exact amount of uncontradicted medical expenses," Appellant's Br. at 14, see Appellee's Supp. App. at 28-44 (medical bills totaling $7,313.50); Appellant's App. at 17 (district court's mem. and order, characterizing the evidence of medical expenses as controverted), raising the specter of a lump sum award notwithstanding the itemized verdict. But see Germann, 792 P.2d at 1064 ("With the adoption of the itemized verdict . . . , the damages awarded for any specified element of loss or injury are not subject to speculation.").

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge